[Crim. No. 7667.   Second Dist., Div. Three.   Nov. 17, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE
THOMPSON, Defendant and Appellant.

George Thompson, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

THE COURT.—George Thompson was accused by indictment of three offenses of the sale of marijuana. It was alleged that he had served terms in state prison following two former felony convictions. He was represented by court appointed counsel in a nonjury trial, was convicted of one offense, no evidence having been introduced as to the other counts. The

allegations of the former convictions were found to be true; probation was denied; defendant was sentenced to state prison and he appeals in propria persona from the judgment. He made application for appointment of counsel on the appeal; after reading the record and determining that the appeal was clearly without merit the application was denied. Defendant has filed a brief in which he contends that, as a matter of law, his defense of entrapment should have prevailed.

There was evidence of the following facts. Officer Hairston of the Los Angeles Police Department met defendant in front of a poolroom, inquired of him whether he smoked anything stronger than cigarettes; defendant said he did not but could get the officer anything he wanted; they separated and about an hour later Thompson returned and gave the officer two pills, walked over to a person known as Gene Griffin, returned to the officer, asked him how many he wanted, and asked for the money; the officer gave defendant three $1.00 bills; defendant contacted Griffin again, received six cigarettes from Griffin and gave them to the officer. It was stipulated that a chemist would testify that the cigarettes contained marijuana, but there was no stipulation with respect to the pills. Defendant testified that he obtained the marijuana cigarettes from Griffin and gave them to the officer in exchange for $3.00, which he turned over to Griffin, keeping nothing for himself. It was argued at the trial that defendant was entrapped into commission of the offense. He was, in fact, entrapped, but not in the legal sense. The officer became very friendly with defendant, bought him a beer, shot pool with him and drove him about to help him find a job. According to defendant the officer was dressed like a tramp, looked like a tramp and was believed to be a tramp. This is not only the customary, but it is the necessary type of deception that is used for the apprehension of purveyors of narcotics. When they are shown to have had the willingness and ability to furnish narcotics to prospective buyers, as defendant did, they take the chance that they may be dealing with peace officers in disguise, and the trier of the facts has reason to find that their intention to deal in narcotics was preconceived and not the result of undue persuasion.

The judgment is affirmed.